EILEEN M. DECKER
United States Attorney
PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division
CHRISTOPHER D. GRIGG (Cal. Bar No. 220243)
Assistant United States Attorney
Chief, Terrorism and Export Crimes Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5429
    Facsimile: (213) 894-7631
    E-mail:    christopher.grigg@usdoj.gov

Attorneys for Applicant
UNITED STATES OF AMERICA

**DENIED BY ORDER OF MICHAEL R WILNER**
**MICHAEL R WILNER**
**UNITED STATES DISTRICT JUDGE**
ON 6·8·2016

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

IN RE: SEARCH WARRANT FOR INFORMATION ASSOCIATED WITH ACCOUNTS IDENTIFIED AS YICHISHIH@HOTMAIL.COM THAT IS STORED AT PREMISES CONTROLLED BY THE MICROSOFT CORPORATION

No. 16-1109M

GOVERNMENT'S *EX PARTE* APPLICATION FOR ORDER SEALING SEARCH WARRANT AND SUPPORTING AFFIDAVIT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER D. GRIGG

**(UNDER SEAL)**

The government applies ex parte for an order directing that the search warrant and all attachments thereto, the application for the search warrant and all attachments thereto, as well as this ex parte application, the memorandum of points and authorities, the declaration of Christopher D. Grigg, and this Court's sealing order, be kept under seal until further order of the Court, or until the government determines that these materials are subject to its discovery obligations in connection with criminal proceedings, at which time they may be produced to defense counsel.

This ex parte application is based on the attached memorandum of points and authorities, the declaration of Christopher D. Grigg, and

the records and files in this case, including the application for search warrant and attachments thereto.

Dated: May 26, 2016

Respectfully submitted,

EILEEN M. DECKER
United States Attorney

PATRICIA A. DONAHUE
Assistant United States Attorney
Chief, National Security Division

CHRISTOPHER D. GRIGG
Assistant United States Attorney

Attorneys for Applicant
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

The government requests that this Court seal the search warrant and supporting affidavit in this case in order to maintain the integrity of this investigation. Approval from this Court to seal these documents is required under Local Rule 79-5.1. The Court of Appeals for the Ninth Circuit has held that district courts have the inherent power to seal affidavits in support of warrants. <u>In re Sealed Affidavit</u> (<u>Agosto</u>), 600 F.2d 1256 (9th Cir. 1979) (<u>per curiam</u>); <u>see also</u> <u>Offices of Lakeside Non-Ferrous Metals, Inc.</u>, 679 F.2d 778 (9th Cir. 1982) (citing <u>Agosto</u>).

The Court of Appeals for the Seventh Circuit has rejected the proposition that pre-indictment disclosure of a search warrant affidavit is required under either constitutional principles or Federal Rule of Criminal Procedure 41(g). <u>In re EyeCare Physicians of America</u>, 100 F.3d 514 (7th Cir. 1996). In doing so, the Seventh Circuit held:

> By the very nature of a secret criminal investigation of this type, the target of an investigation more often than not remains unaware of the specific grounds upon which a warrant was issued. If preindictment disclosure of sealed warrant affidavits was required to satisfy due process (assuming there has been a predicate deprivation of life, liberty or property), the hands of law enforcement would be needlessly tied and investigations of criminal activity would be made unduly difficult if not impossible.

<u>Id.</u> at 517; <u>accord</u> <u>In re Grand Jury Proceedings</u>, 115 F.3d 1240, 1247 (5th Cir. 1997).

Here, for the reasons described in the attached declaration, sealing is necessary to maintain the integrity of the government's investigation. The government accordingly requests that the documents described in the attached declaration be maintained under seal until further order of the Court.

## DECLARATION OF CHRISTOPHER D. GRIGG

I, Christopher D. Grigg, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I represent the government in the investigation of this matter, in which the government has submitted an affidavit in support of a search warrant.

2. The search warrant in this case has not yet been executed. The likelihood of discovering the items sought in the search warrant may be jeopardized if the affidavit in support of the search warrant in this case were made publicly available before the warrant is executed.

3. The affidavit in support of the search warrant describes law enforcement investigation activities that may be jeopardized if the affidavit were to be disclosed. Specifically, the affidavit describes an investigation implicating the national security involving the suspected unlawful provision and export of defense services, munitions and related technical data, and export controlled technology to the People's Republic of China ("China"). As set forth in the affidavit in support of the requested search warrant, the subjects of the investigation have family and business connections in China that are implicated in the unlawful conduct. Although some of the participants in the criminal conduct have been identified, investigators are still working to determine the full scope of the conduct and to identify individuals, businesses, and other entities that may be involved. Moreover, the affidavit describes the subjects' use of email--and thus, digital devices--to conduct the suspected illicit transactions and related activity. As a result,

any disclosure of the information contained in the search warrant affidavit, as well as the existence of the search warrant targeting an email account, may jeopardize ongoing and further investigations. If alerted, the subjects of the investigation could inform others involved in the criminal conduct; could readily destroy, alter, or conceal evidence of their crimes; and could flee from or otherwise seek to avoid prosecution in the United States, including by traveling to or remaining in China, with which the United States lacks an extradition treaty.

4. Accordingly, the government requests that the search warrant and supporting affidavit in the above-titled case, together with this ex parte application, the memorandum of points and authorities, this declaration, and this Court's sealing order, be kept under seal until further order of the Court upon oral or written motion by the government. The government requests that the Court's order not limit its ability to provide copies of the search warrant at the time the warrant is executed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 26, 2016.

CHRISTOPHER D. GRIGG